UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| JLY Holdings, LLC, dba MindMetrix, | Case No. 2:25-cv-10316 |
| Plaintiff, | |
| v. | Judge |
| Platinum Business Investments Worldwide LLC, dba MindMetric, | Demand For Jury Trial |
| Defendant. _____/ | |
| Timothy J. Lowe (P68669)<br>MCDONALD HOPKINS LLC<br>39533 Woodward Avenue, Suite 318<br>Bloomfield Hills, Michigan 48304<br>T: (248) 646-5070<br>tlowe@mcdonaldhopkins.com | Matthew J. Cavanagh (OH 0079522)<br>MCDONALD HOPKINS LLC<br>600 Superior Ave., East, Suite 2100<br>Cleveland, OH 44114<br>T: (216) 348-5400<br>mcavanagh@mcdonaldhopkins.com |
| _____/ | *Attorneys for*<br>*JLY Holdings, LLC, dba MindMetrix* |

## **Complaint**

For its complaint against defendant Platinum Business Investments Worldwide LLC, dba MindMetric ("MindMetric"), plaintiff JLY Holdings, LLC, dba MindMetrix ("MindMetrix") states:

35644729.3

## Summary of Case

1. MindMetrix invented and owns a ground-breaking, highly effective, online mental health assessment tool for those seeking mental health treatment, which it offers under the MINDMETRIX mark.

2. After MindMetrix introduced its online assessment tool, MindMetric introduced a similar online mental health assessment tool under the nearly identical MINDMETRIC name.

3. Almost immediately, customers were confused between the two businesses due to their similar trademarks and services. This actual confusion has been substantial, and badly injures MindMetrix's reputation because customers mistakenly attribute MindMetric's poor quality service and questionable business tactics to MindMetrix.

4. MindMetric's actions infringe MindMetrix's trademark rights under the Lanham Act and state law, they deceive the public, and irreparably harm MindMetrix's reputation and goodwill in the field of mental health services.

5. MindMetrix asked MindMetric to cease using the infringing MINDMETRIC name, but MindMetric refused, thus necessitating this lawsuit to end MindMetric's infringement and marketplace confusion.

35644729.3

## The Parties

6. MindMetrix is a Michigan limited liability company with a principal place of business in Michigan.

7. MindMetric is a Wyoming limited liability company with, upon information and belief, a principal place of business in Wyoming. MindMetric offers its services and does business all over the U.S., including in Michigan.

## Jurisdiction and Venue

8. This Court has subject matter jurisdiction over MindMetrix's Lanham Act claims under 15 U.S.C. § 1121 and under 28 U.S.C. § 1331 because they arise under federal law.

9. This Court has diversity jurisdiction under 28 U.S.C. § 1332 over this entire action because the parties are diverse and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

10. This Court also has supplemental subject matter jurisdiction over MindMetrix's state law claims under 28 U.S.C. § 1367 because those claims are so related to the Lanham Act claims that together the claims are part of the same case or controversy under Article III.

11. This Court has personal jurisdiction over MindMetric because, among other things, it is confusing Michigan individuals and businesses,

3

35644729.3

offering services in Michigan to Michigan residents at least through its website at <mindmetric.ai>, (upon information and belief) selling services to Michigan residents, transacting business in Michigan, infringing MindMetrix's rights in Michigan, and intentionally causing tortious harm in Michigan to a Michigan company with knowledge and expectations that MindMetrix would be harmed in Michigan.

12. Venue is proper under 28 U.S.C. § 1391 at least because MindMetric is subject to personal jurisdiction in this district and thus is deemed as residing here according to federal law.

### Relevant Facts

*MindMetrix's Rights*

13. MindMetrix offers a unique mental health assessment tool called MINDMETRIX.

14. MINDMETRIX is used by individuals seeking a mental health assessment and by mental health professionals seeking assessments for their patients.

15. MINDMETRIX is software that patients and professionals can access online at the MindMetrix website at the <mindmetrix.com> domain name.

35644729.3

16. MindMetrix owns all common law and registered trademark rights to the MINDMETRIX mark throughout the United States in connection with software that provides testing and assessment in the field of mental health.

17. MindMetrix owns a federal trademark registration to MINDMETRIX, Reg. No. 7,538,038, attached as Ex. A.

18. MindMetrix has used the MINDMETRIX mark in commerce in connection with the services identified in its registration since at least January 18, 2024, and it is the senior user of that mark in connection with those services.

19. MindMetrix has devoted significant money, resources, and effort to promote, market, and provide its mental health services under the MINDMETRIX mark, and it has obtained market penetration throughout the U.S., including in Michigan.

*MindMetric's Infringing Acts*

20. After MindMetrix established nationwide trademark rights to the MINDMETRIX mark in connection with mental health assessment software, MindMetric introduced the nearly identical MINDMETRIC mark for mental health assessment software available online on the "MindMetric" website at the <mindmetric.ai> domain name.

5

21. Almost immediately, due to the similarity of the marks and services, many MindMetrix customers were confused into believing that MindMetric was the same as or associated with MindMetrix.

22. MindMetrix wrote to MindMetric, identified its senior registered and common law trademark rights to the MINDMETRIX mark in connection with mental health assessment services, and requested that MindMetric provide written agreement to cease use of the infringing MINDMETRIC mark.

23. MindMetric ignored MindMetrix's letter and continues to use the infringing MindMetric mark.

24. At least because MindMetric ignored MindMetrix's letter and has continued to use the infringing MINDMETRIC mark, despite having notice of MindMetrix's senior rights, MindMetric has confirmed that its infringement is willful, and it has the specific intent to confuse customers into believing that MindMetric is the same as or associated with MindMetrix, to trade on MindMetrix's goodwill, and to divert customers looking for MindMetrix to MindMetric's website.

25. Moreover, based at least upon (a) the high similarity of the marks (including their phonetic equivalence) and services (both mental health assessment software); (b) MindMetrix's trademark application being publicly available and providing actual and/or constructive notice since it was filed on

6

January 7, 2022; and (c) Google searches for "MindMetric" yielding hits for MindMetrix's website before MindMetric launched its website, MindMetric must have known of MindMetrix's trademark rights and adopted the MINDMETRIC mark with specific intent to enrich itself by confusing customers into believing it was the same as or associated with MindMetrix.

26. Unlike legitimate websites that offer "About" pages and disclose the name, address, and other contact information for the company behind the website, the MindMetric website has no "About" page and provides no information whatsoever about the company that owns and operates the website or where it is located. MindMetrix discovered this information only through independent investigation. MindMetric's hiding of its identity further evidences bad faith and willful infringement.

27. MindMetric also has registered the infringing <mindmetric.ai> domain name through a proxy service called "Domains By Proxy, LLC" to further conceal its identity as the true registrant of the domain name and the operator of the infringing MindMetric website.

28. MindMetric registered and used the infringing <mindmetric.ai> domain name, which is confusingly similar to the MINDMETRIX mark, with bad faith intent to profit from the MINDMETRIX mark.

## Count One
*Trademark Infringement under the Lanham Act*
(15 U.S.C. §§ 1114 and 1125)

29. MindMetrix incorporates by reference all preceding allegations in this complaint as if fully rewritten herein.

30. The MINDMETRIX mark is valid and legally enforceable.

31. MindMetrix exclusively owns the MINDMETRIX mark in connection with mental health assessment software and related goods and services.

32. The MINDMETRIX mark is inherently distinct.

33. The MINDMETRIX mark has acquired and inherent distinctiveness in the marketplace, such that those in the relevant channels of commerce readily associate the MINDMETRIX mark with MindMetrix and its mental health services.

34. By using the MINDMETRIC and <mindmetric.ai> domain name in connection with online mental health assessment services, MindMetric has caused, and is certain to continue to cause, confusion in the minds of those in the marketplace concerning the origin, source, sponsorship, approval, and association of MindMetric's services, MindMetrix's services, or both.

35. MindMetric has infringed MindMetrix's trademark rights to the MINDMETRIX mark under the Lanham Act with willful intent.

36. MindMetric's trademark infringement has damaged MindMetrix and caused it irreparable harm, which will continue unless MindMetric's unlawful conduct is enjoined by this Court.

## Count Two
*Cyberpiracy under the Lanham Act*
*15 U.S.C. § 1125(d)*

37. MindMetrix incorporates by reference all allegations in all preceding paragraphs of this complaint as if fully rewritten herein.

38. The <mindmetric.ai> domain name is confusingly similar to the MINDMETRIX mark.

39. MindMetric has registered and is using the <mindmetric.ai> domain name with bad faith intent to profit from the MINDMETRIX mark.

40. As a direct and proximate result of MindMetric's unlawful registration and use of the <mindmetric.ai> domain name, MindMetrix has been damaged in an amount to be determined at trial.

*41.* As a direct and proximate result of MindMetric's unlawful registration and use of the <mindmetric.ai> domain name, MindMetrix has suffered, and will continue to suffer, irreparable harm.

## **Count Three**
*Violations of the Michigan Consumer Protection Act*
(MCLS § 445.903 *et seq*.)

42. MindMetrix incorporates by reference all preceding allegations in this complaint as if fully rewritten herein.

43. MindMetric's unlawful activities, as described above, violate Michigan's Consumer Protection Act.

44. MindMetric's violations of Michigan's Consumer Protection Act has damaged MindMetrix and caused it irreparable harm, which will continue unless MindMetric's unlawful conduct is enjoined by this Court.

## **Count Four**
*Unfair Competition*

45. MindMetrix incorporates by reference all preceding allegations in this complaint as if fully rewritten herein.

46. MindMetric's unlawful activities, as described above, are unfair competition under the Lanham Act and under the common law.

47. MindMetric's unfair competition has damaged MindMetrix and caused it irreparable harm, which will continue unless MindMetric's unlawful conduct is enjoined by this Court.

10

## Count Five
*Common Law Tradename and Trademark Infringement*

48. MindMetrix incorporates by reference all preceding allegations in this complaint as if fully rewritten herein.

49. MindMetric's unlawful activities, as described above, constitute infringement of MindMetrix's tradename and trademark rights to the MINDMETRIX mark in violation of the common law of Michigan and any other applicable state law.

## Count Six
*Unjust Enrichment*

50. MindMetrix incorporates by reference all preceding allegations in this complaint as if fully rewritten herein.

51. Through its unlawful activities, as described above, MindMetric has received and retained benefits, including goodwill, that rightfully belong to MindMetrix.

52. MindMetric has not compensated MindMetrix for the benefits that MindMetric wrongfully obtained, despite justice and equity requiring it to do so.

53. MindMetric has unjustly enriched itself by obtaining and retaining the ill-gotten benefits of his unlawful activities, which is unjust and inequitable under the circumstances.

54. MindMetric's receipt and retention of the benefits of its unlawful activities is unjust enrichment.

55. MindMetric's unjust enrichment has damaged MindMetrix and caused it irreparable harm, which will continue unless MindMetric's unlawful conduct is enjoined by this Court.

## **Prayer for Relief**

**WHEREFORE**, MindMetrix prays for judgment against MindMetric as follows:

(A) Compensatory damages in an amount to be determined at trial.

(B) An accounting and disgorgement of MindMetric's ill-gotten profits.

(C) Punitive and/or exemplary damages.

(D) Attorneys' fees and litigation expenses.

(E) Pre-judgment and post-judgment interest.

(F) Costs of the action.

(G) Preliminary and permanent injunctive relief, barring MindMetric and others from: (i) using the MINDMETRIX mark or anything confusingly similar to it in commerce, in a domain name, as a business name, or in any other manner that is likely to cause consumer confusion; and (ii) committing any of the other wrongful acts cited in this complaint.

35644729.3

(H)  An order forfeiting and cancelling MindMetric's registration of the <mindmetric.ai> domain name and transferring it to MindMetrix.

(I)  Such other and further relief as allowed at law or in equity that the Court deems to be appropriate and to which MindMetrix is entitled.

                Respectfully submitted,

Dated:  February 3, 2025       *s/ Matthew J. Cavanagh*
                Matthew J. Cavanagh (OH 0079522)
                MCDONALD HOPKINS LLC
                600 Superior Ave., East, Suite 2100
                Cleveland, OH 44114
                T: (216) 348-5400
                mcavanagh@mcdonaldhopkins.com

                and

                 *s/ Timothy J. Lowe*
                Timothy J. Lowe (P68669)
                MCDONALD HOPKINS LLC
                39533 Woodward Avenue, Suite 318
                Bloomfield Hills, Michigan 48304
                T: (248) 646-5070
                tlowe@mcdonaldhopkins.com

*Counsel for*
*JLY Holdings, LLC, dba MindMetrix*

35644729.3

## **Jury Demand**

JLY Holdings, LLC, dba MindMetrix hereby demands a jury trial for all issues so triable.

 s/ Matthew J. Cavanagh
*Counsel for*
*JLY Holdings, LLC, dba MindMetrix*

35644729.3